Justice NEWBY, concurring.
I agree with this Court's resolution of the rape shield issue presented by the case sub judice. Furthermore, I acknowledge that State v. Allen, 359 N.C. 425, 615 S.E.2d 256 (2005) (holding Blakely errors are structural errors and not harmless beyond a reasonable doubt), required the majority to affirm the decision of the Court of Appeals to remand for resentencing. I joined the opinion concurring in part and dissenting in part from Allen, and I continue to believe the reasoning of the concurring and dissenting opinion was correct. Id. at 452-73, 615 S.E.2d at 274-88 (Martin, J., Lake, C.J., Newby, J., concurring in part and dissenting in part) (arguing Blakely errors are subject to harmless error analysis). However, the doctrine of stare decisis, which compels courts to honor binding precedent absent extraordinary circumstances, demands that I now accept Allen as authoritative and concur in the decision of the majority in the instant case. State v. Camacho, 337 N.C. 224, 235, 446 S.E.2d 8, 14 (1994) (Mitchell, J. (later C.J.), concurring).
Chief Justice LAKE and Justice MARTIN join in this concurring opinion.